UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV02103 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #20], and Petitioner's Supplemental Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #25].

**I.  BACKGROUND**

On December 8, 2004, Petitioner Carl Alexander ("Petitioner") was convicted of conspiracy to distribute cocaine in an amount in excess of 5 kilograms (Count One), engaging in a monetary transaction involving criminally derived property (Count Four), and conspiracy to commit wire fraud (Count Five).  On April 8, 2005, Petitioner was sentenced to 240 months imprisonment, consisting of 240 months on Count One, 120 months on Count Four, and 60 months on Count Five, with all terms running concurrently.  Additionally, Petitioner was sentenced to supervised release for a term of five years, consisting of five years on Count One, and two years on each of Counts Four and Five, with all terms running concurrently.  Following his sentencing, Petitioner filed a notice of appeal, but the Eighth Circuit denied his appeal on June 15, 2006.  Petitioner also filed three separate motions for new trial, all based on "newly

discovered evidence." Each of these motions was denied by this Court. Petitioner then filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On May 20, 2009, this Court issued a Memorandum and Order [doc. #18], denying Petitioner's § 2255 Motion, and also declining to issue a certificate of appealability on any of the claims raised in that Motion.

On June 1, 2009, Petitioner filed the pending Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #20], requesting that this Court alter or amend its May 20, 2009 Memorandum and Order, and issue a certificate of appealability. In an attempt to demonstrate that a certificate of appealability should be issued, Petitioner makes many of the same arguments that were rejected by this Court with respect to his prior § 2255 Motion. Specifically, Petitioner claims that his constitutional rights were violated, and therefore a certificate of appealability should issue, because: (1) his trial counsel, Mr. Steven V. Stenger, failed to investigate two drug trips Petitioner was alleged to have traveled on (this is the same as claim one in Petitioner's § 2255 Motion); (2) Mr. Stenger failed to introduce into evidence Petitioner's business records, which Petitioner asserts would have proven to a jury that he did not take the two drug trips (this is the same as claim three in Petitioner's § 2255 Motion); and (3) Mr. Stenger provided ineffective assistance of counsel when he advised Petitioner to accept the Government's offered plea agreement.

Additionally, on September 29, 2009, Petitioner filed a Supplemental Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #25]. In this Supplemental Motion, Petitioner makes the argument that an evidentiary hearing should have been granted. In support of this argument, Petitioner asserts that two witnesses could have testified that he was with them in St.

Louis when the two drug trips allegedly took place (this is similar to claim 4 from Petitioner's § 2255 Motion).[1]

**II.     STANDARD OF REVIEW**

Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. V. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1998)). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted); *see also Innovative Home Health Care*, 141 F.3d at 1286 ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). Rather, "'Federal Rule of Civil Procedure 59(e) provides a means to support reconsideration [by the court] of matters properly encompassed in a decision on the merits. Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself.'" *Leonard v. Dorsey & Whitney L.L.P.*, 553 F.3d 609, 620 (8th Cir. 2009) (quoting *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987))

---

[1]The Court notes that there is some question as to whether the arguments raised by Petitioner in his Supplemental Motion to Alter or Amend Judgment Pursuant to Rule 59(e) can even be considered. Petitioner filed this Supplemental Motion more than three months after he filed the original Motion to Alter or Amend Judgment. This is well outside the ten day deadline for filing a motion to alter or amend a judgment set by Rule 59(e). It is also arguably outside the "within a reasonable time" deadline set by Rule 60(b)(6). Regardless, the Court is able to dispose of the arguments set forth in Petitioner's Supplemental Motion on other grounds, and thus will assume that the Supplemental Motion can be considered.

(first alteration in original). "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations and alterations omitted). Furthermore, "'A district court has broad discretion in determining whether to grant a motion to alter or amend judgment.'" *Global Network Techs., Inc. V. Reg'l Airport Auth. Of Louisville & Jefferson County*, 122 F.3d 661, 665 (8th Cir. 1997) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

## III. DISCUSSION

In his Motion to Alter or Amend Judgment, Petitioner requests that this Court reconsider its May 20, 2009 Memorandum and Order, and grant Petitioner a certificate of appealability. However, in support of his request, Petitioner merely raises the same arguments that he previously set forth in his § 2255 Motion. This Court fully addressed these arguments in the May 20, 2009 Memorandum and Order. Specifically, Petitioner claims that his constitutional rights were violated because his trial attorney, Mr. Stenger, failed to properly investigate the case against him, specifically the two drug trips Petitioner was said to have taken. This is the exact claim that Petitioner advanced in his § 2255 Motion. (Pet.'s Mtn., doc. #1, p.23). Petitioner also claims that his constitutional rights were violated, and that this Court should reconsider its decision to deny a certificate of appealability, because Mr. Stenger failed to introduce exonerating business records into evidence. Again, this is the exact claim that Petitioner advanced in his § 2255 Motion (Pet.'s Mtn., doc. #1, p.25). Finally, Petitioner claims that his constitutional rights were violated because his trial counsel failed to call several witnesses who allegedly could provide testimony that would show that Petitioner could not have traveled on either drug trip because he

4

was in St. Louis. Once again, this is the exact claim that Petitioner advanced in his § 2255 Motion. (Pet.'s Mtn., doc. #1, p.27).

As set forth above, it is not appropriate to use a Rule 59(e) Motion to repeat arguments or to raise arguments that could have been made before judgment. *See Innovative Home Health Care, Inc. V. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.,* 174 F.R.D. 444, 446 (E.D. Mo. 1997). This Court already determined in its May 20, 2009 Order on the § 2255 Motion that these arguments were without merit. Reiterating these same arguments again and again will not persuade this Court to believe that Petitioner can make a substantial showing of a violation of his constitutional rights.

Petitioner also asserts that his constitutional rights were violated because his trial counsel, Mr. Stenger, advised him to accept a plea agreement. This is an ineffective assistance of counsel claim, which should have been asserted by Petitioner in his original § 2255 Motion. Since it was not asserted in the initial Motion, asserting the claim now is akin to bringing a successive § 2255 motion. Before a successive § 2255 motion can be filed, the petitioner must first obtain an order from the appropriate court of appeals, authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court can only authorize the successive § 2255 motion if Petitioner can point to either:

> (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

5

28 U.S.C. § 2255(h). Without authorization by the appropriate appellate court, the district court does not have jurisdiction to consider a successive petition. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Petitioner has not set forth any newly discovered evidence or a new rule of constitutional law that would permit him to file a successive § 2255 motion. Furthermore, because Petitioner has not obtained an order from the Eighth Circuit Court of Appeals permitting him to file a successive § 2255 motion on the issue of whether counsel was ineffective for advising Petitioner to accept a plea agreement, this Court lacks jurisdiction to rule on this ground for relief.

## IV. CONCLUSION

Petitioner has not made a substantial showing of the denial of a constitutional right and has failed to establish that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #20] is **DENIED**.

Dated this 11th Day of March, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT COURT