UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL ALEXANDER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV02103 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Carl Alexander's "Motion under Federal Civil Rules of Procedure Pursuant to Rule 60(d)(3) Requesting the Court's Pre-Existing Power to Set Aside a [Judgment] for Fraud" [ECF No. 37]. Movant is seeking reconsideration of the Court's Memorandum and Order, and Judgment, dated May 20, 2009, that denied his § 2255 motion, dismissed his claims with prejudice, and denied him a certificate of appealability [ECF Nos. 18, 19].

I.      BACKGROUND

On December 8, 2004, Movant Carl Alexander ("Petititioner") was convicted of conspiracy to possess with intent to distribute cocaine in an amount in excess of 5 kilograms (Count One), engaging in a monetary transaction involving criminally derived property (Count Four), and conspiracy to commit wire fraud (Count Five). On April 8, 2005, Movant was sentenced to a term of 240 months imprisonment, and a supervised release for a term of five years. Movant appealed his conviction and sentence, but the Eighth Circuit denied his appeal on June 15, 2006. *United States v. Alexander*, 450 F.3d 366 (8th Cir. 2006). Subsequently, Movant filed three separate motions for new trial, all based on "newly discovered evidence." This Court denied all three motions.

Movant also filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, asserting that his trial counsel was ineffective for, among other things, failing to cross-examine Federal Bureau of Investigation ("FBI") Special Agent Rubin Lopez to show Government witness Jason Miller lied to him about Movant's alleged involvement in the charged crimes; that the Government presented perjured testimony given by Lester Diggs; and that the indictment in his case was invalid because it was based on misleading and false information made by Jason Miller to FBI agents.  In his Motion, Movant offered evidence to support a claim that the Government was aware that its witnesses were lying. This Court denied Movant's § 2255 Motion, concluding that all of the asserted grounds were without merit, dismissed all counts of his Motion with prejudice, and denied Movant a certificate of appealability on May 20, 2009 [ECF Nos. 18, 19].

Movant then filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e), which this Court denied on March 11, 2010 [ECF Nos. 20, 27].  Thereafter, Movant applied to the Eighth Circuit Court of Appeals for a certificate of appealability; his application was denied on October 1, 2010, as was his Petition for Rehearing En Banc on November 19, 2010 [ECF Nos. 33, 34, 35].  On May 11, 2012, Movant filed the Rule 60(d)(3) Motion presently before this Court, seeking to reopen his § 2255 proceeding and alleging "fraud on the court."

II.     **STANDARD OF REVIEW: RELIEF UNDER FEDERAL CIVIL RULE OF PROCEDURE 60(d)(3)**

Federal Civil Rule of Procedure 60 prescribes the practice in proceedings to obtain relief from a judgment or order.  On motion and just terms, the court may relieve a party from a final judgment. Fed. Civ. R. P. 60(b).  "A motion brought under Rule 60(b) must be made within a reasonable time[.]" Fed. Civ. R. P. 60(c)(1).  The present Motion was not filed until nearly three years after this Court denied Movant's § 2255 motion.  Movant states, as reason for his delay in

2

filing, that he "has been researching case law on his own, without the help of a competent attorney, and has not had the financial help or resources, nor proper access to information needed to thoroughly litigate his case."  This Court is not persuaded that Movant has filed this Motion within a "reasonable time" and finds this delay would provide sufficient grounds to deny the Motion.

Federal Civil Rule of Procedure 60(b) provides that a court may relieve a party from a final judgment for certain enumerated reasons, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Federal Civil Rule of Procedure 59(b); and fraud, misrepresentation, or misconduct by an opposing party.  As to these grounds, a motion under Rule 60(b) must be made no more than a year after entry of the judgment or order, or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).  Clearly, Movant's Motion would be time-barred under Rule 60(b).

However, subsection d of Rule 60 provides other powers to grant relief from a judgment, and states that the rule does not limit a court's power to set aside a judgment for fraud on the court.  Fed R. Civ. P. 60(d)(3).  The "fraud on the court" provision of Rule 60(d)(3) contemplates "a wrong against the institutions set up to protect and safeguard the public[.]"  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (overruled on other grounds).  "This narrow concept embraces only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."  *Johnson v. United States*, No. 07-365, 2011 WL 940841 at *1 (E.D. Mo. March 16, 2011) (internal quotation marks and citations omitted).  Misconduct egregious

3

enough to constitute fraud on the court generally involves bribery of a judge or jury, or fabrication of evidence by an officer of the court. *Id.*

Under Rule 60(d)(3), fraud-on-the-court claims are distinct from fraud between the parties; consequently, these narrow fraud-on-the-court claims merit separate analysis because they are exempt from the strict one year time-bar to setting aside a judgment, and because they are much more difficult to prove. *Id.* The standard of proof for showing fraud on the court is demanding, requiring intent to defraud as an absolute prerequisite, and such actions are available only to prevent a grave miscarriage of justice. *Id. at \*2.* Conclusory allegations do not serve to raise the issue; the averments must be accompanied by a statement of clear and convincing probative facts supporting the existence of fraud. *Id.*

The Eighth Circuit Court of Appeals, in order to establish a uniform procedure for dealing with purported Federal Civil Rule of Procedure 60 motions that are filed following dismissal of 28 U.S.C. § 2255 petitions, has encouraged district courts to file the purported motion, and then conduct a brief initial inquiry to determine whether the allegations in the motion actually amount to a successive collateral attack under § 2255. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court concludes the motion is actually a successive § 2255 petition, the district court should dismiss it for failure to obtain authorization to file a successive petition from the Court of Appeals, in accordance with 28 U.S.C. § 2244(b)(3); or the district court may, in its discretion, transfer the purported motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

**III. DISCUSSION**

In the present Motion, Movant first argues that fraud on the court was committed by FBI agent Rubin Lopez, the Assistant United States Attorney ("AUSA"), and Government witness

4

Jason Miller, alleging that these individuals concealed Mr. Miller's false implication of Movant as actor in the conspiracy, during Movant's trial and § 2255 proceeding.  This claim is virtually identical to one unsuccessfully raised in his § 2255 Petition, in which Movant asserted his trial counsel was ineffective for failing to cross-examine Agent Lopez to show Jason Miller lied to him about Movant's involvement in the conspiracy.  Accordingly, this Court will dismiss this claim as an unauthorized successive collateral attack under 28 U.S.C. § 2255.

Movant additionally argues that the AUSA and his trial counsel conspired to deprive Movant of his constitutional right to a fair trial, and then concealed this fact from the Court during his § 2255 proceeding.  Movant alleges that, although his trial counsel possessed documented evidence that would have exonerated Movant, his trial counsel allowed the AUSA to present false testimony and chose not to challenge the Government's evidence.  Movant claims that, during the §2255 proceeding, his trial counsel attempted to conceal this conspiracy by providing the AUSA with a letter Movant had written to trial counsel, in which Movant admitted that he had traveled to Texas during a year outside of the conspiracy's timeframe.

Movant advanced this argument also in his § 2255 Motion, claiming that his trial counsel was ineffective, in that he failed to investigate properly, failed to introduce exonerating business records, and failed to interview and to call key witnesses.  Movant attempts to reposit this argument by additionally alleging that his trial counsel "conspired" with the AUSA deliberately to fail to present exonerating evidence at trail and later during the § 2255 proceedings.  Moreover, Movant fails to explain how allegedly providing the AUSA with a letter containing nonprobative information irrelevant to Movant's charged offenses constitutes an continuation, or attempted concealment of the purported conspiracy.  Again, this claim constitutes an unauthorized successive collateral attack under § 2255, and will be dismissed.  Movant has not

5

identified any newly discovered evidence or pointed to a new rule of constitutional law that would permit him to file a successive motion. 28 U.S.C. § 2255(h).

Movant also claims that a "fraud on the court" was perpetrated by the AUSA, in concert with the Government's cooperating witness, Lester Diggs. According to Movant, "[t]he AUSA was aware Diggs was a prime suspect in the Wayne Slaughter murder and two other murders, through police reports and 'The Slaughter Murder Investigation,' but never questioned Diggs about his involement [sic] and planning of Slaughter's murder[.]" Movant alleges that, although the AUSA possessed this knowledge, "the court was deliberately kept in the dark about Diggs' murders in order to portray Diggs as a credible and trust worthy government witness, when, in fact, he was not[.]" Movant asserts that the AUSA and Mr. Diggs concealed this information to improperly influence the Court, and that this concealment was a grave miscarriage of justice because Mr. Diggs' friendship with Movant was more intimate than the relationship Movant shared with the other two witnesses who testified against him, and "the AUSA used this close connection to make Diggs more credible to the court while giving testimony against Movant." Again, Movant similarly asserted that he was entitled to relief under 28 U.S.C. § 2255, because the Government presented perjured testimony by Mr. Diggs and others against him at trial.

The Court finds Movant's allegations attacking the integrity of his § 2255 proceedings do not rise to the requisite level to establish fraud on the court. *Johnson*, 2011 WL 940841 at *2. Movant fails to explain how any alleged concealment of the AUSA's purported awareness that Mr. Diggs "was a prime suspect" in three murder investigations constituted fraud on the court. Nor does Movant provide clear and convincing probative facts showing an unconscionable plan or scheme that was designed to improperly influence the Court in its determination. *Id*. at *4. The record contains no evidence indicating a need to correct a clear error or to prevent a grave

6

miscarriage of justice.  *Id*.  Consequently, the Claimant is not entitled to relief under Rule 60(d)(3).

**IT IS HEREBY ORDERED** that Movant's Motion under Federal Civil Rules of Procedure Pursuant to Rule 60(d)(3) Requesting the Court's Pre-existing Power to Set Aside a Judgment for Fraud [ECF No. 37] is **DENIED**.

Dated this   18th   day of July, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE