UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-02103-ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Carl Alexander's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [ECF No. 42]. In his Motion, Petitioner Carl Alexander ("Petitioner") requests the Court grant early release pursuant to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

In 2004, Petitioner was convicted of (1) Conspiracy to Possess with the Intent to Distribute Cocaine and Phencyclidine, 21 U.S.C. §§ 841(a)(1) and 846; (2) Engaging in Monetary Transactions in Property Derived from Unlawful Activity, 18 U.S.C. § 1957(a) and 2; and (3) Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371. Petitioner was sentenced to a total term of 240 months.

Petitioner's appeal was denied by the Court of Appeals for the Eighth Circuit on June 15, 2006. *United States v. Johnson*, 450 F.3d 366 (8th Cir. 2006), cert. denied, 549 U.S. 1143 (2007). Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was denied May 20, 2009 [ECF No. 18]. His Application for a Certificate of Appealability was denied October 1, 2010 [ECF No. 33]. On July 18, 2012 Petitioner's Motion under Rule 60d)(3) Requesting the Courts Pre-existing Power to Set Aside a Judgment for Fraud

1

was denied [ECF No. 41]. Petitioner has exhausted all other forms of relief in this matter, including a request for clemency, which was not granted by the President of the United States.

In his Federal Rule of Civil Procedure ("FRCP") 60(b)(6) Motion, Petitioner asks "the government, in the spirit of fairness, to use its prosecution power to withdraw the §851 enhancement filed against him the morning of [his] trial" [ECF No. 42 at 4]. Petitioner relies on the "Holloway Doctrine" as justification to vacate and subsequently lower his previously imposed sentence [ECF No. 48 at 2]. He contends his case represents "the extraordinary circumstances that might warrant the extraordinary remedy crafted by Judge Gleeson" in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). [ECF No. 42 at 3].

The Government responded to Petitioner's motion by claiming Rule 60(b)(6) vests wide discretion in courts, but it asserted "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances'" [ECF No. 48 ¶ 5]. In the *Holloway* case, the Government argues resentencing occurred only because the Government consented to vacating two of defendant's convictions. In the present case, the Government has not given its consent to vacate any of Petitioner's convictions or his 21 U.S.C. § 851 enhancements. The Government asserts there are no "extraordinary circumstances" supporting or justifying Petitioner's motion to vacate his sentence under Rule 60(b)(6) [ECF No. ¶ 10].

FRCP 60(b) sets out the legal mechanism for setting aside a Final Judgment as follows:

b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    1) mistake, inadvertence, surprise, or excusable neglect;
    2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    4) the judgment is void;

5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Petitioner believes the 21 U.S.C. § 851 enhancement used against him is an example of extraordinary circumstances, but use of § 851 enhancements are a common practice in order to deter repeat offenders. Such a common practice cannot be considered extraordinary. It has been argued mandatory minimum penalties for drug offenses violate the Eighth Amendment prohibition of cruel and unusual punishment, but courts have routinely held mandatory minimum penalties for drug offenses to be constitutional. *See United States v. Baker*, 415 F.3d 880, 882 (8th Cir. 2005). Therefore, the Court does not find the § 851 enhancement to be an extraordinary circumstance.

In Petitioner's Motion, he cites to a 2013 memorandum from former Attorney General Eric Holder which states "prosecutors should decline to file an information pursuant to 21 U.S.C. § 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions" [ECF No. 42 at 4]. It lists a six-factor analysis test. The Government addressed this issue in its response and correctly stated "policy memos are inherently rooted in policy and are non-binding in a court of law" [ECF No. 48 at 3]. "The fact Attorney General Holder chose to issue a memorandum to "refine" that policy does not make the delegation of authority unconstitutional." *United States v. Burford*, No. 3:06-cr-00102-TMB, 2015 U.S. Dist. LEXIS 58595, at *11 (D. Alaska May 5, 2015).Therefore, the memorandum has no authority over Petitioner's case.

In addition, *Holloway* is not authoritative in this case. The authority exercised by the Department of Justice in *Holloway* was discretionary and is "used only as often as the Department of Justice itself chooses to exercise it." 68 F. Supp.3d at 316. In addition, Assistant

3

United States Attorney Sam Nitze was quoted in *Holloway* stating "I want to be clear on this point-that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Holloway*, 68 F. Supp.3d at 315. In the present case, the Department of Justice has chosen not to exercise its authority. The Court does not have the power to force the Department of Justice to do so.

In his Reply to the Government's Response to Petitioner's 60(b)(6) Motion, Petitioner is unsatisfied with the reasoning given by the Government for denying Petitioner's Motion [ECF No. 49 at 1]. Petitioner argues (1) he did not play a major role in the conspiracy, (2) he is not a threat or danger to the public if released early, (3) he only had one minor disciplinary infraction that occurred in 2007, (4) and his conduct while locked up has been extraordinary, because he received a multitude of certificates and helped tutor fellow inmates for their GEDs.

As to Petitioner's first argument, a jury of his peers found he did play a role in a drug conspiracy. The Court is not in a position to overturn the finding of the jury, if from the evidence presented, a jury could reasonably deduce that Petitioner knew of, and intentionally joined, the conspiracy. *United States v. Johnson*, 450 F.3d 366, 372 (8th Cir. 2006). The evidence in this case is sufficient to support Petitioner's conviction. *Id.*

Petitioner's other three arguments are all evidence he will be a law abiding citizen once he is out of prison, but it is not enough for the Court to grant his motion under Rule 60(b)(6). While the Court does support Petitioner's bid for freedom as evidenced by supporting his request for clemency, the Court does not have the power to unilaterally release Petitioner from his sentence.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) [ECF No. 42] is **DENIED**.

Dated this 5th Day of July, 2017.

*E. Richard Webber*

———————————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE